Darrell L. Olson (Bar No. 77633)
darrell.olson@knobbe.com
KNOBBE, MARTENS, OLSON & BEAR, LLP
2040 Main Street, Suite 1400
Irvine, CA 92614
Telephone: 949-760-0404
Facsimile: 949-760-9502

Timothy J. Goodson (Bar No. 244649)
timothy.goodson@kmob.com
KNOBBE, MARTENS, OLSON & BEAR, LLP
333 Bush Street, 21st Floor
San Francisco, CA 94104
Telephone: 415-954-4114
Facsimile: 415-954-4111

Attorneys for Defendant
SPECIALIZED BICYCLE COMPONENTS, INC.

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ICON-IP PTY, LTD., <br><br> Plaintiff <br><br> v. <br><br> SPECIALIZED BICYCLE COMPONENTS, INC., <br><br> Defendant | Case No. CV-13-3677 JST <br><br> **DEFENDANT SPECIALIZED BICYCLE COMPONENTS, INC.'S NOTICE OF MOTION AND MOTION TO DISMISS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** <br><br> Date: October 3, 2013 <br> Time: 2:00 p.m. <br> Ctrm: 9, 19th Floor <br><br> Hon. Jon S. Tigar |

TABLE OF CONTENTS

Page No.

I.     INTRODUCTION ................................................................................................................2

II.    FACTUAL BACKGROUND................................................................................................2

III.   LEGAL STANDARDS ........................................................................................................3

IV.    THIS LAWSUIT IS AN IMPERMISSIBLE COLLATERAL ATTACK
       ON THIS COURT'S RULING IN *ICON I* ......................................................................4

V.     THIS ACTION IS BARRED BY THE PROHIBITION ON CLAIM
       SPLITTING ..........................................................................................................................5

VI.    CONCLUSION......................................................................................................................9

# TABLE OF AUTHORITIES

Page No(s).

*Acumed LLC v. Stryker Corp.*,
    525 F.3d 1319 (Fed. Cir. 2008) .................................................................................... 6

*Adams v. California Dept. of Health Services*,
    487 F.3d 684 (9th Cir. 2007) ........................................................................................ 5

*American Stock Exchange, LLC v. Mopex, Inc.*,
    215 F.R.D. 87 (S.D.N.Y. 2002) .................................................................................... 8

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009) ...................................................................................................... 3

*Barron v. Reich*,
    13 F.3d 1370 (9th Cir. 1994) ........................................................................................ 3

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544 (2007) ...................................................................................................... 3

*Cent. Delta Water Agency v. United States*,
    306 F.3d 938 (9th Cir. 2002) ........................................................................................ 6

*CIVIX-DDI, LLC v. Expedia, Inc.*,
    Case No. 04 C 8031, 2005 WL 1126906 (N.D. Ill. May 2, 2005) ................................ 8

*Foster v. Hallco Mfg. Co.*,
    947 F.2d 469 (Fed. Cir. 1991) ...................................................................................... 6

*Fujitsu Ltd. v. Tellabs Operations, Inc.*,
    Case No. 12 C 3229, 2013 WL 361810 (N.D. Ill. Jan. 30, 2013) ................................. 9

*Glitsch, Inc. v. Koch Eng'g Co.*,
    216 F.3d 1382 (Fed. Cir. 2000) ............................................................................... 4, 5

*Hako-Med USA, Inc. v. Axiom Worldwide, Inc.*,
    Case No. 10-00384, 2010 WL 4448824 (D. Haw. Oct. 29, 2010) ........................... 8, 9

*Icon-IP Pty Ltd. v. Specialized Bicycle Components, Inc.*,
    Case No. CV-12-3844 JST ("*Icon I*") ................................................................. passim

*Kim v. Sara Lee Bakery Group, Inc.*,
    412 F. Supp. 2d 929 (N.D. Ill. 2006) ............................................................................ 9

*Mack v. Kuckenmeister*,
    619 F.3d 1010 (9th Cir. 2010) ...................................................................................... 3

# TABLE OF AUTHORITIES
(continued)

Page No(s).

*Mars Inc. v. Nippon Conlux Kabushiki-Kaisha*,
    58 F.3d 616 (Fed. Cir. 1995) ............................................................................................5

*Nystrom v. Trex Co.*,
    580 F.3d 1281 (Fed. Cir. 2009) ...............................................................................6, 8, 9

*Orion IP, LLC v. Home Depot USA, Inc.*,
    Case No. 2:05-CV-306, 2005 U.S. Dist. LEXIS 45632 (E.D. Tex. Oct.
    7, 2005).........................................................................................................................5, 8

*Power Integrations, Inc. v. Fairchild Semiconductor International, Inc.*,
    Case No. 08-309, 2009 U.S. Dist. LEXIS 58455 (D. Del. July 9, 2009).......................5

*Single Chip Systems Corp. v. Intermec IP Corp.*,
    495 F. Supp. 2d 1052 (S.D. Cal. 2007) ......................................................................6, 8

1. PLEASE TAKE NOTICE, that, on October 3, 2013, at 2:00 p.m., or as soon thereafter as the matter may be heard, in the courtroom of the Honorable Jon S. Tigar, of the United States District Court for the Northern District of California, Courtroom 9, 450 Golden Gate Avenue, San Francisco, Defendant SPECIALIZED BICYCLE COMPONENTS, INC. ("Specialized") will and hereby does move this Court to dismiss the Complaint of Plaintiff ICON-IP PTY, LTD ("Icon") in its entirety.  Specialized moves to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) on the grounds that this action is an impermissible collateral attack on a prior court order, and that the action is barred by the prohibition against claim splitting.

This Motion is based on this Notice of Motion and Motion to Dismiss and the accompanying Memorandum of Points and Authorities; the documents of record in this action and in *Icon-IP Pty Ltd. v. Specialized Bicycle Components, Inc.*, Case No. CV-12-3844 JST ("*Icon I*"); any evidence or argument presented at the hearing on this Motion; and the Proposed Order filed concurrently with this Motion.

                                                            KNOBBE, MARTENS, OLSON & BEAR, LLP

Dated:  August 28, 2013             By:  */s/Timothy J. Goodson*
                                                           Darrell L. Olson
                                                           Timothy J. Goodson

                                                           Attorneys for Defendant SPECIALIZED BICYCLE COMPONENTS, INC.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.  INTRODUCTION

By this lawsuit, Icon attempts to circumvent this Court's ruling in *Icon-IP Pty Ltd. v. Specialized Bicycle Components, Inc.*, Case No. CV-12-3844 JST ("*Icon I*") that excluded the very same products being accused in this case.  The Court should dismiss this case as an impermissible collateral attack on this Court's previous ruling.  When a party receives an adverse ruling with which it disagrees, there are several procedural options for challenging the ruling, such as a motion for reconsideration or an appeal.  Filing a new lawsuit that directly contradicts the ruling is not among them.  If a party could simply file a new lawsuit to recapture models that were excluded under the patent local rules, the patent local rules would serve no purpose.

This lawsuit is also barred by the prohibition on claim splitting.  The claim splitting doctrine is based on the requirement that a plaintiff must raise in a single lawsuit all the grounds of recovery arising from a single transaction or series of transactions that can be brought together.  In the patent infringement context, courts have applied the claim splitting doctrine to prevent a party from bringing a second action to assert claims or products that the Court had excluded from a first action.  Icon already has a pending case asserting these two patents against Specialized, and Icon has repeatedly stated that its infringement theories for the models it seeks to accuse in this case are the same as for the saddles being litigated in *Icon I*.  Thus, this case is duplicative of *Icon I* and should be dismissed for improper claim splitting.

### II.  FACTUAL BACKGROUND

On July 23, 2012, Icon filed a complaint accusing Specialized of infringing U.S. Patent Nos. 6,378,938 and 6,254,180.  *Icon I*, Dkt. No. 1.  On November 28, 2012, Icon served its infringement contentions in which it accused 31 models of infringing the '938 patent and 33 models of infringing the '180 patent.  *See Icon I*, Dkt. No. 44 at 2.

On March 28, 2013, Icon filed a motion for leave to amend its infringement contentions to add 53 models to that case.  *Id.*; *Icon I*, Dkt. No. 34.  In support of its motion,

-2-     SPECIALIZED'S MOTION TO DIMISS
Case no.  CV 13-3677 JST

Icon repeatedly represented that the models it sought to add were "very similar, if not identical, to the accused saddles Icon included in its initial Infringement Contentions" and that Icon had "determined that these models infringe in the same manner as the original accused seats." *Icon I*, Dkt. No. 34 at 3–4. *See also id.* at 5, 8, 9; Dkt. No. 41 at 2, 8.

On April 29, 2013, the Court granted Icon's motion in part and denied it in part. *Icon I*, Dkt. No. 44. In its ruling, the Court noted that "Icon contends that all 53 models are similar to the models it originally accused of infringement, and thus, its theories of infringement will not change as a result of the proposed amendments." *Id.* at 2. The Court granted Icon leave to add four models, an addition Specialized had stipulated to for the purpose of narrowing the issues in the motion. *Id.* at 3. As to the remaining 49 models, the Court concluded that Icon had failed to satisfy its burden to show that it was diligent, and denied leave to amend to add those models. *Id.* at 4–5.

On August 8, 2013, Icon filed the complaint in this case ("*Icon II*"), which again asserts the '180 and '938 patents against Specialized. Dkt. No. 1 ¶¶ 3, 9–10. The *Icon II* complaint accuses 38 models of infringing the '180 patent and 48 models of infringing the '938 patent. *Id.* ¶¶ 9–10. Every model identified in the *Icon II* complaint was among the 49 models that the Court excluded from *Icon I*. *Compare id.* ¶¶ 9–10 *with Icon I*, Dkt. No. 34-1, Ex. H at 3–4. Thus, *Icon II* is nothing more than a brazen end-run around this Court's Order in *Icon I*.

### III. LEGAL STANDARDS

A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the pleadings. A court should dismiss a complaint where it fails to contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In ruling on a 12(b)(6) motion to dismiss, a court may consider facts subject to judicial notice, such as matters of public record and prior court proceedings. *Mack v. Kuckenmeister*, 619 F.3d 1010, 1014 n.1 (9th Cir. 2010); *Barron v. Reich*, 13 F.3d 1370, 1377 (9th Cir. 1994). Therefore, this Court may properly take judical notice of Icon's representations made in its papers filed in *Icon I*.

## IV. THIS LAWSUIT IS AN IMPERMISSIBLE COLLATERAL ATTACK ON THIS COURT'S RULING IN *ICON I*

After the Court ruled against Icon in the contested portion of its motion for leave in *Icon I*, Icon did not move for reconsideration, seek an immediate appeal, or take any other action to challenge the ruling. Instead, Icon waited over three months and has now filed a new action to pursue the same products that were excluded by the Court's Order. If this tactic were permitted, the progression of specific, binding disclosures required by the patent local rules would be a pointless waste of time. More broadly, if a litigant could revive a portion of its case that was disposed of by an adverse court ruling by simply filing a new case, most pretrial motion practice would be a futile exercise. Several cases have recognized the self-evident principle that the remedy for an adverse ruling is an appeal, not a new lawsuit.

In *Glitsch, Inc. v. Koch Eng'g Co.*, 216 F.3d 1382 (Fed. Cir. 2000), the defendant in a patent infringement action sought to amend its answer to present additional defenses, but the district court denied that motion on the ground that it was untimely. The defendant then filed a declaratory judgment action to present the same claims that were disallowed in the first action. The district court granted summary judgment against the declaratory judgment claims, and the Federal Circuit affirmed:

> What Glitsch is attempting to do in this case is to use a second action to raise a defense that should be litigated in the first action, which is still pending. Glitsch unsuccessfully sought to raise its defense in the first action, and it now contends that it may raise the same legal claim in the second action because the district court was wrong when it barred Glitsch from raising that claim as a defense in the first case. There is, however, a strong and sensible policy against such a tactic. When a court enters an order that a party does not like, the party's recourse is to seek relief on appeal; it is not appropriate for the party to contest the court's order by filing a new action seeking a declaratory judgment challenging the court's ruling in the first case.

*Id.* at 1384.

*1*  Likewise, in *Orion IP, LLC v. Home Depot USA, Inc.*, Case No. 2:05-CV-306, 2005
*2* U.S. Dist. LEXIS 45632 (E.D. Tex. Oct. 7, 2005), during a first action, the court struck the
*3* patentee's amended infringement contentions because the patentee failed to show good cause
*4* for the amendments under the patent local rules.  The patentee then filed a second lawsuit
*5* asserting the same allegations that were struck in the first lawsuit.  *Id.* at *2.  The court
*6* dismissed the second case based on its finding "that by bringing the Second Action, Orion is
*7* engaging in an impermissible collateral attack on this Court's prior order.  While Orion may
*8* disagree with the Court's ruling on the timeliness of its contentions, it must seek relief on
*9* appeal rather than filing another lawsuit."  *Id.* at *5 (citing *Glitsch*, 216 F.3d at 1384).  *See*
*10* *also Power Integrations, Inc. v. Fairchild Semiconductor International, Inc.*, Case No. 08-
*11* 309, 2009 U.S. Dist. LEXIS 58455, at *8–11 (D. Del. July 9, 2009) (when patentee sought in
*12* second action relief that was denied in a first action, noting that the patentee "is essentially
*13* asking me to sit as an appellate court and reverse Judge Farnan's denial of [the patentee's]
*14* motion [for an accounting in the first action]. . . .  It is not at all clear that [the patentee] can
*15* be granted in *Fairchild II* precisely what it asked for and was denied in *Fairchild I*.").

*16*  Consistent with these authorities, Icon's Complaint in this action is an improper
*17* collateral attack on this Court's ruling in *Icon I* and it should be dismissed for that reason.

*18* **V.   THIS ACTION IS BARRED BY THE PROHIBITION ON CLAIM SPLITTING**

*19*  "It is well established that a party may not split a cause of action into separate grounds
*20* of recovery and raise the separate grounds in successive lawsuits; instead, a party must raise
*21* in a single lawsuit all the grounds of recovery arising from a single transaction or series of
*22* transactions that can be brought together."  *Mars Inc. v. Nippon Conlux Kabushiki-Kaisha*, 58
*23* F.3d 616, 619 (Fed. Cir. 1995).  *See also Adams v. California Dept. of Health Services*, 487
*24* F.3d 684, 688 (9th Cir. 2007) (applying claim splitting doctrine to affirm dismissal with
*25* prejudice of a second action that the plaintiff filed "in an attempt to avoid the consequences
*26* of her own delay and to circumvent the district court's denial of her untimely motion for
*27* leave to amend her first complaint").  "The main purpose behind the rule preventing claim
*28* splitting is to protect the defendant from being harassed by repetitive actions based on the

*1* same claim." *Single Chip Systems Corp. v. Intermec IP Corp.*, 495 F. Supp. 2d 1052, 1058
*2* (S.D. Cal. 2007).

*3*     To determine if claim splitting bars a subsequent case, the Ninth Circuit "borrows
*4* from the test for claim preclusion." *Id.* at 1058. In a patent case, regional circuit law
*5* provides the general principles of claim preclusion that apply, while Federal Circuit law
*6* governs whether two claims for patent infringement are identical. *Acumed LLC v. Stryker*
*7* *Corp.*, 525 F.3d 1319, 1323 (Fed. Cir. 2008). "The Ninth Circuit applies claim preclusion
*8* where: '(1) the same parties, or their privies, were involved in the prior litigation, (2) the prior
*9* litigation involved the same claim or cause of action as the later suit, and (3) the prior
*10* litigation was terminated by a final judgment on the merits.'" *Id.* (quoting *Cent. Delta Water*
*11* *Agency v. United States*, 306 F.3d 938, 952 (9th Cir. 2002)).

*12*     Here, the first prong is clearly met, as the parties in this case are identical to the
*13* parties in *Icon I*. The third prong is a requirement for claim preclusion, but "what is required
*14* in the context of a claim-splitting analysis is to ***assume*** that the first suit was final, and then
*15* determine if the second suit could be precluded." *Single Chip*, 495 F. Supp. 2d at 1059
*16* (emphasis in original).

*17*     Thus, the claim splitting analysis turns on the second prong, under which "an accused
*18* infringer must show that the accused product or process in the second suit is 'essentially the
*19* same' as the accused product or process in the first suit." *Nystrom v. Trex Co.*, 580 F.3d
*20* 1281, 1285 (Fed. Cir. 2009) (citing *Foster v. Hallco Mfg. Co.*, 947 F.2d 469, 480 (Fed. Cir.
*21* 1991)). "Accused devices are 'essentially the same' where the differences between them are
*22* merely 'colorable' or 'unrelated to the limitations in the claim of the patent.'" *Acumed*, 525
*23* F.3d at 1324 (citing *Foster*, 947 F.2d at 480). Under this standard, differences between
*24* products do not prevent them from being "essentially the same" unless the differences are
*25* pertinent to infringement. For example, in *Nystrom*, the patentee asserted that the accused
*26* products in the second suit were substantially different from the products in a first case due to
*27* differences in appearance and construction. The Federal Circuit held that those differences
*28* did not prevent the application of claim preclusion because they did not alter the infringement

1 analysis. 580 F.3d at 1286.

2 Here, the "essentially the same" standard is met by Icon's own repeated representations in *Icon I* that the products it now accuses in this case are "very similar, if not identical, to the accused saddles Icon included in its initial Infringement Contentions" and that Icon had "determined that these models infringe in the same manner as the original accused seats." *Icon I*, Dkt. No. 34 at 3–4. *See also id.* at 5 ("After further investigation of the seat models and the noted similarities between their shape and design to that of the already-accused models, Icon believed they infringed in the same manner as the seats currently sold by Specialized that were included in Icon's Initial Infringement Contentions."); *id.* at 8 ("[I]nclusion of the Toupe RBX models does not alter Icon's infringement theory. . . . This is likewise true of the [other] seat models that Icon wishes to add. . . . Like the Toupe RBX models, the addition of these seats does not alter Icon's theories of infringement or asserted claims."); *id.* at 9 ("Moreover, addition of new accused seats does not change Icon's infringement theory because the additional models are similar, if not identical, to the models identified in Icon's Initial Contentions."); Dkt. No. 34-8 ("[W]e believe the additional models we wish to add to our infringement contentions infringe in the same manner as the models included in our initial contentions."); Dkt. No. 41 at 2 ("Specialized does not dispute that Icon's proposed amendments do not substantially alter its infringement theory or asserted claims. . . .); *id.* at 8 ("(3) the proposed amendments do not substantially alter Icon's infringement theory").

Consistent with its view that the additional models did not affect the infringement analysis, Icon's infringement contentions included only one representative chart for all accused models, and did not prepare any additional charts in its proposed amended infringement contentions for which it sought leave. *Icon I*, Dkt. No. 34-9. *See also* Dkt. No. 37 at 3–4, 6 n.2. The Court took note of Icon's position in ruling on the motion: "Icon contends that all 53 models are similar to the models it originally accused of infringement, and thus, its theories of infringement will not change as a result of the proposed amendments." *Icon I*, Dkt. No. 44 at 2.

-7- SPECIALIZED'S MOTION TO DIMISS
Case no. CV 13-3677 JST

*1*        Thus, according to Icon's own statements to this Court, any differences between the

*2* products in this case and the products in *Icon I* do not alter the infringement analysis and do

*3* not prevent the application of claim preclusion. *Nystrom*, 580 F.3d at 1286. *See also Hako-*

*4* *Med USA, Inc. v. Axiom Worldwide, Inc.*, Case No. 10-00384, 2010 WL 4448824, at *4 (D.

*5* Haw. Oct. 29, 2010) (dismissing second suit as barred by res judicata where the patentee's

*6* own assertions established that the accused product in the second suit was essentially the

*7* same as the accused product in a first suit).

*8*        The patent infringement case law provides ample precedent for "[c]ourts prohibit[ing]

*9* a litigant from splitting its claims into multiple actions when the litigant should have brought

*10* the claims in a single action." *CIVIX-DDI, LLC v. Expedia, Inc.*, Case No. 04 C 8031, 2005

*11* WL 1126906, at *4 (N.D. Ill. May 2, 2005) (citing *American Stock Exchange, LLC v. Mopex,*

*12* *Inc.*, 215 F.R.D. 87, 91 (S.D.N.Y. 2002)). For example, in the *Orion IP* case discussed

*13* above, the court also found "that the doctrine of claim splitting prevents Orion from bringing

*14* claims in a second action that should have been timely brought in the first action." 2005 U.S.

*15* Dist. LEXIS 45632, at *4. The court noted that the "Patent Rules demonstrate high

*16* expectations as to plaintiff's preparedness before bringing suit" and that allowing the patentee

*17* "to allege the same theories of infringement against [the defendant] that were previously

*18* struck would undercut the purpose of the patent rules. . . ." *Id.* at *3.

*19*        Likewise, in *CIVIX*, during a first action, the defendant moved to strike a

*20* supplemental response in which the patentee identified additional asserted claims. The

*21* patentee withdrew the response and filed a second suit asserting the additional claims. The

*22* court found that the second action was barred by the prohibition against claim splitting:

*23* "Civix attempts to assert new patent claims that it should have timely brought in the Initial

*24* Action. The doctrine of claim splitting prevents Civix from avoiding a potential adverse

*25* ruling from the Court regarding the timeliness of asserting the new claims in the Initial

*26* Action, by attempting to assert its new claims in the Second Action." 2005 WL 1126906, at

*27* *4. *See also Single Chip*, 495 F. Supp. 2d at 1057 (dismissing second suit under claim

*28* splitting doctrine when the asserted claims had been excluded from a first case by the court's

denial of the patentee's motion for leave to amend its counterclaim); *Kim v. Sara Lee Bakery Group, Inc.*, 412 F. Supp. 2d 929, 934, 944 (N.D. Ill. 2006) (claim splitting barred second suit that patentee filed after court granted a defendant's motion in a first case to bar evidence relating to numerous formulas that the plaintiff sought to add to its list of accused infringing products).[1]

While the weight of authority overwhelmingly supports a finding of impermissible claim splitting in the circumstances of this case, Specialized is aware of a case from the Northern District of Illinois in which the court denied a motion to dismiss a second case that accused models that were excluded from a first case.  *Fujitsu Ltd. v. Tellabs Operations, Inc.*, Case No. 12 C 3229, 2013 WL 361810 (N.D. Ill. Jan. 30, 2013).  But the reason the court declined to find claim splitting in *Fujitsu* was that the defendant had not shown that products in the second case were "essentially the same" as the products in the first case.  *Id.* at *3.  Here, as explained above, Icon's own representations in *Icon I* demonstrate that there are no differences between the saddles accused in this case and the *Icon I* accused saddles that are material to its infringement theories.  *See Nystrom*, 580 F.3d at 1286; *Hako-Med*, 2010 WL 4448824, at *4.

### VI.  **CONCLUSION**

Specialized respectfully requests that this Court grant its motion to dismiss Icon's Complaint in this action as an impermissible collateral attack on this Court's previous ruling in *Icon I*, and because this case violates the prohibition on claim splitting.

KNOBBE, MARTENS, OLSON & BEAR, LLP

Dated:  August 28, 2013

By:  */s/Timothy J. Goodson*
Darrell L. Olson
Timothy J. Goodson

Attorneys for Defendant SPECIALIZED BICYCLE COMPONENTS, INC.

16077241/082313

---

[1] Specialized is aware of two cases from this District that appear germane to this Motion, but both of those decisions have been designated "Not for Citation" under Civ. L.R. 7-14.  Pursuant to Civ. L.R. 3-4(e), Specialized omits discussion of those cases.