UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ICON-IP PTY LTD., <br><br> Plaintiff, <br><br> v. <br><br> SPECIALIZED BICYCLE COMPONENTS, INC., <br><br> Defendant. | Case No. 13-cv-03677-JST <br><br> **ORDER GRANTING MOTION TO DISMISS** <br><br> Re: ECF No. 15 |

In this action for patent infringement, Defendant Specialized Bicycle Components ("Specialized") moves to dismiss this action on the grounds that it constitutes an impermissible collateral attack on a court order and that it is barred by the common law prohibition against claim-splitting. Plaintiff Icon-IP PTY ("Icon") opposes the motion, arguing that the court order at issue is irrelevant to this action and that the claim-splitting prohibition does not apply. As the motion is suitable for determination without oral argument, the hearing scheduled for October 3, 2013, is VACATED. See Civil L.R. 7-1(b). For the reasons set forth below, the motion is GRANTED and the action is DISMISSED.

I.  BACKGROUND

This is the second action in which Icon has sued Specialized for infringement of U.S. Patent Nos. 6,378,938 ("the '938 patent"), and 6,254,180 ("the '180 patent) ("the patents-in-suit").

In the first action, Icon-IP Pty Ltd. v. Specialized Bicycle Components, Inc., Case No. 12-cv-3844 JST ("Icon I"), Icon alleges that Specialized infringes the patents-in-suit by manufacturing, selling, or offering to sell bicycle seats. Specifically, Icon accused 31 seat models of infringing the '938 patent and 33 seat models of infringing the '180 patent.

Nearly a year after it filed Icon I, Icon moved for leave to amend its infringement contentions to accuse 53 additional models ("the new models"). Icon I, ECF No. 34. In support

of its motion, Icon repeatedly stated in its briefs that the models it sought to add were "very similar, if not identical, to the accused saddles [it] included in its initial Infringement Contentions." Id. at 3-4. It also stated that it had "determined that these models infringe in the same manner as the original accused seats" after conducting an investigation of the models. Id. To support these statements, Icon filed proposed infringement contentions and charts that it previously had served on Specialized, which state explicitly that "[e]ach of the Accused Products function in the same way and therefore infringe in essentially the same way with respect to" the patents-in-suit. See Icon I, ECF No. 34, Ex. 9 at 4.

The Court granted the motion in part and denied it in part. Icon I, ECF No. 44. The Court granted leave to accuse four of the 53 new models on the ground that Specialized had stipulated to add such models to the case. The Court denied leave to accuse the remaining 49 models on the ground that Icon failed to satisfy its burden to show that it was diligent in moving for leave to amend its contentions. The Court concluded that Icon had had information about the 49 models prior to the deadline for serving its infringement contentions and that it could have discovered additional information about the products by investigating Specialized's website. Id. at 4.

A few months after this ruling, on August 8, 2013, Icon filed this action ("Icon II"), in which it alleges that Specialized infringes the patents-in-suit by manufacturing, selling, or offering to sell the 49 models that the Court excluded from Icon I ("the models at issue").

## II. LEGAL STANDARD

A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the claims in the complaint. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citation and internal quotation marks omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. When dismissing a complaint, the court must grant

2

leave to amend unless it is clear that the complaint's deficiencies cannot be cured by amendment. Lucas v. Dep't of Corrections, 66 F.3d 245, 248 (9th Cir.1995). The district court, however, has "broad" discretion to deny leave to amend "where plaintiff has previously amended the complaint." Ascon Properties, Inc. v. Mobil Oil Co., 866 F.2d 1149, 1160 (9th Cir. 1989).

### III. DISCUSSION

Specialized moves to dismiss Icon II on two grounds. First, Specialized argues that the action constitutes an improper collateral attack on the Court's order excluding the models at issue from Icon I, and that permitting such an attack would render the Patent Local Rules useless. Second, Specialized contends that the action is barred by the prohibition against claim-splitting, which prevents a party from splitting a cause of action into separate grounds of recovery and raising the separate grounds in successive lawsuits.

Icon opposes the motion, arguing that the Court's order in Icon I is irrelevant to this action because the order did not prohibit Icon from accusing the models at issue in a subsequent action. Opp'n at 10. Icon also argues that the claim-splitting prohibition does not apply because Specialized has not shown that the models at issue are essentially the same as the ones Icon originally accused of infringement in Icon I.

The Court concludes that Specialized's motion is well-taken and that Icon II must be dismissed for the two reasons identified by Specialized.

First, contrary to Icon's arguments, Icon II represents a collateral attack on the Court's order in Icon I notwithstanding the order's silence on the question of whether Icon would be permitted to accuse the models at issue in a subsequent action. If Icon II were allowed to proceed, the Court would have to consolidate that action with Icon I in the interest of judicial economy, as both actions involve the same patents and the same accused conduct. See Fed. R. Civ. P. 42 (providing that a court may consolidate two or more actions if the actions share a common question of law or fact). If consolidation occurred, then the Court's order excluding the products at issue from Icon I would be negated, and essentially reversed.

Second, Icon II is barred by the prohibition on claim-splitting, which is a subspecies of the doctrine of claim preclusion. Claim preclusion bars a second action where "(1) the same parties,

or their privies, were involved in the prior litigation, (2) the prior litigation involved the same claim or cause of action as the later suit, and (3) the prior litigation was terminated by a final judgment on the merits." Cent. Delta Water Agency v. United States, 306 F.3d 938, 952 (9th Cir. 2002).[1]

Here, the parties agree that the first element is met, because the parties in both actions are identical. The parties also agree that the third element is met, because in the context of claim-splitting, the analysis requires only the *assumption* that the first suit was finally decided. See Single Chip Sys. Corp. v. Intermec IP Corp., 495 F. Supp. 2d 1052, 1059 (S.D. Cal. 2007) (noting that in the context of claim-splitting "no final judgment on the merits is required. Instead, what is required in the context of a claim-splitting analysis is to assume that the first suit was final, and then determine if the second suit could be precluded"). Accordingly, the only issue is whether the second element is met.

In the context of patent infringement, the second element is satisfied when "the accused device in the action before the court is 'essentially the same' as the accused device in a prior action between the parties that was resolved by a judgment on the merits."[2] Acumed LLC v. Stryker Corp., 525 F.3d 1319, 1324 (Fed. Cir. 2008) (citation omitted). "Accused devices are 'essentially the same' where the differences between them are merely 'colorable' or 'unrelated to the limitations in the claim of the patent.'" Id. (citations omitted). "[T]he party asserting claim preclusion has the burden of showing that the accused devices are essentially the same." Id. (citation omitted).

---

[1] The law of the Ninth Circuit applies to issues that do not have special application to patent cases, such as those pertaining to general preclusion principles. See Acumed LLC v. Stryker Corp., 525 F.3d 1319, 1323 (Fed. Cir. 2008) ("To the extent that a case turns on general principles of claim preclusion, as opposed to a rule of law having special application to patent cases, this court applies the law of the regional circuit in which the district court sits-here the Ninth Circuit.").

[2] This issue is governed by Federal Circuit law. Acumed LLC v. Stryker Corp., 525 F.3d 1319, 1323 (Fed. Cir. 2008) ("Whether two claims for patent infringement are identical is a claim preclusion issue that is 'particular to patent law,' and therefore we analyze it under Federal Circuit law.") (citation omitted).

Specialized argues that the models at issue meet the "essentially the same" standard because Icon argued in Icon I that the models are "very similar, if not identical, to the accused saddles" that Icon originally accused of infringement in Icon I, and that its own investigation revealed that the models at issue "infringe in the same manner as the original accused seats." Icon I, ECF No. 34 at 3-4. Specialized further notes that, prior to moving to amend its infringement contentions in Icon I to add the models at issue, Icon served Specialized with proposed infringement contentions and claim charts that accused both the models at issue and the original products and stated explicitly that "[e]ach of the Accused Products function in the same way and therefore infringe in essentially the same way with respect to" the patents-in-suit. See Icon I, ECF No. 34, Ex. 9 at 4.

Icon responds that Specialized has not met its burden to show that the models at issue meet the "essentially the same" standard because Specialized "may not simply rely on statements made by Icon" in Icon I, and because the Court may not take judicial notice of those statements. Icon also contends that Specialized's own representations in Icon I are inconsistent with its position in this case. Specifically, Icon notes that Specialized argued in Icon I that some of the models at issue were from different product families than the models originally accused, and that Specialized refused to produce discovery Icon I pertaining to the models at issue on the ground that such discovery was not relevant to the claims in that action. Opp'n at 6 (citing Icon I, ECF No. 37 at 14; Icon II, LaValley Decl., Ex. A, B). Finally, Icon argues that the dismissal of this action would be "highly prejudicial" to it because a dismissal would prevent it from enforcing its property rights with respect to the models at issue.

The Court concludes that Specialized has met its burden to show that the models at issue meet the "essentially the same" standard. Specialized's reliance on Icon's statements and proposed infringement contentions in Icon I is not improper. The Court is permitted to take notice of such statements and contentions for the purpose of resolving Specialized's motion because they have a direct relationship to the issues before the Court. U.S. ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc., 971 F.2d 244, 248 (9th Cir. 1992) (holding that a court "may take notice of proceedings in other courts, both within and without the federal judicial system, if those

proceedings have a direct relation to matters at issue"). Additionally, the Court has discretion to treat Icon's factual statements as binding admissions, even if such statements were made in briefs. Am. Title Ins. Co. v. Lacelaw Corp., 861 F.2d 224, 227 (9th Cir. 1988) (holding that "statements of fact contained in a brief may be considered admissions of the party in the discretion of the district court"). Here, the Court finds it appropriate to exercise its discretion to bind Icon to its statements in Icon I. In light of these statements, which establish that the models at issue "infringe in the same manner as the original accused seats," no genuine dispute exists with respect to whether the models at issue meet the "essentially the same standard." Icon I, ECF No. 34 at 3-4.

That Specialized previously argued that the models at issue are from different product families than the original models does not affect this conclusion, because a product need not be from the same product family to meet the "essentially the same" standard. Likewise, that Specialized did not produce discovery in Icon I pertaining to the models at issue also is irrelevant, because Specialized's discovery responses did not address the question of whether one device was "essentially the same" as another.[3]

Finally, Icon's prejudice arguments are unpersuasive, because Icon's current inability to enforce its property rights with respect to the models at issue is the direct result of its own lack of diligence. Indeed, Icon had an opportunity to investigate and accuse the models at issue in Icon I, but it chose not to do so in a timely manner. See Icon I, ECF No. 44. Permitting Icon to get a second bite at the apple by allowing this action to proceed would contravene the preclusion principles discussed above and would undermine the spirit and purpose of the Patent Local Rules.

/ / /
/ / /
/ / /
/ / /

---

[3] Icon's description of Specialized's discovery responses is as follows: "Likewise, in *Icon I*, Specialized repeatedly objected to Icon's discovery requests as overbroad or irrelevant as follows: 'Specialized interprets this [Interrogatory/Request] as seeking information concerning saddles specifically identified in Icon's infringement contentions and permitted by Judge Tigar's Order dated April 29, 2013.'" Opp'n at 6.

## IV. CONCLUSION

Specialized's motion to dismiss the complaint is GRANTED. The clerk shall terminate this action.

**IT IS SO ORDERED.**

Dated: October 22, 2013



_____
JON S. TIGAR
United States District Judge